IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Albert S. Kelly, #277334, | ) | Case No.: 4:26-cv-00115-JD-TER |
| *a/k/a Albert S. Kelley,* | ) | |
| *a/k/a Albert Santanieo Kelley,* | ) | |
| *a/k/a Albert Santanieyo Kelley,* | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Stanley Terry, Warden Palmer, | ) | |
| Lt. Cox Cert. Team, Willy Davis, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation ("Report")

of United States Magistrate Judge Thomas E. Rogers, III (DE 7), issued pursuant to

28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.) of the District of South

Carolina, concerning the initial review of Plaintiff Albert S. Kelly's ("Plaintiff") *pro se*

Complaint (DE 1).[1]

**A.     Background**

The Court incorporates the factual and procedural background outlined in the

Report (DE 7) and summarizes only those matters necessary to explain this ruling.

Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this

action under 42 U.S.C. § 1983. He alleges that his Eighth Amendment rights were

---

[1]     The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

violated during periods of incarceration at Lee Correctional Institution in 2024 or 2025, McCormick Correctional Institution in 2025, and Broad River Correctional Institution in 2017. The Complaint's substantive allegations state, in full: "I got killed 3 times, anything else you wanna [k]no[w]? Gang members did it and staff was aware." (DE 1 at 5.) Plaintiff seeks $100 million in damages.

**B.    Report and Recommendation**

On January 21, 2026, the Magistrate Judge issued the Report recommending dismissal without prejudice and without issuance and service of process because the Complaint does not plead facts connecting any named Defendant to a constitutional deprivation. The Report further recommends that the Court impose a narrowly tailored prefiling injunction based on Plaintiff's repeated filing of incomplete, duplicative, and non-pursued actions in this District.[2]

The Report advised Plaintiff of the right to file specific written objections and warned that failure to do so could waive appellate review. No objections were filed, and the time for filing objections has expired.

---

[2]    In 2025 Plaintiff filed seven cases involving many of the same defendants and allegations. In *Kelly v. Williams,* No. 4:25-cv-11276-JD, Plaintiff failed to comply with the court's order to file an amended complaint and instead voluntarily dismissed the action. In *Kelly v. Wagner*, No. 4:25-cv-13746-JD, and *Kelly v. Berry*, No. 4:25-cv-13689-JD, Plaintiff was ordered to submit complaint forms and in forma pauperis and financial certificate documents but failed to do so, submitting only letters that did not address the court's orders. In *Kelly v. Davis*, No. 4:25-cv-6654-JD, *Kelly v. [No Defendant Named]*, No. 25-cv-6470-JD, *Kelly v. Williams*, No. 4:25-cv-3009-JD, and *Kelly v. Sharill*, No. 4:25-cv-1430-JD, Plaintiff failed to comply with orders requiring completion of complaint forms and submission of filing fees or in forma pauperis applications, and each case was dismissed under Rule 41 for failure to prosecute or comply with court orders.

### C.    Legal Standard

The Court must review de novo only those portions of the Report to which a party makes a specific objection. 28 U.S.C. § 636(b)(1). To be actionable, objections must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

In the absence of specific objections, the Court need not conduct a de novo review and must only satisfy itself that there is no clear error on the face of the record before adopting the recommendation. *Id.*; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### D.    Absence of Objections and Initial Review

No objections have been filed, and the time for doing so has expired. After reviewing the Report, the Complaint, and the record, the Court finds no clear error in the Magistrate Judge's recommendation that this action be dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

Even liberally construed, the Complaint does not provide factual content permitting a reasonable inference that any named Defendant personally violated Plaintiff's constitutional rights. A § 1983 plaintiff must allege personal involvement

or an affirmative causal connection between each defendant's conduct and the alleged deprivation. The Complaint instead offers only a conclusory assertion that gang members harmed Plaintiff and that unnamed staff were aware. It does not identify who did what, when, where, or how any named Defendant was deliberately indifferent to a substantial risk of serious harm.

The Court also agrees with the Magistrate Judge's decision not to provide an additional opportunity to amend before dismissal. Plaintiff has repeatedly failed to comply with orders directing him to submit proper complaint forms, in forma pauperis documents, and other threshold filings. Given that pattern and the absence of any objection identifying additional facts that could cure the pleading defects, dismissal without prejudice is appropriate.

## E.     Prefiling Injunction

The Court has separately considered the merits of the recommended prefiling injunction. A prefiling injunction is an extraordinary remedy, but it is available when a litigant continuously abuses the judicial process by filing meritless, duplicative, or noncompliant actions. *See Cromer v. Kraft Foods North America, Inc.*, 390 F.3d 812, 817–19 (4th Cir. 2004). Before imposing such an injunction, a court considers:

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d at 818. Any injunction must also be narrowly tailored to the circumstances. *Id*.

As a threshold matter, Plaintiff received notice and an opportunity to be heard. The docket reflects that the Report was mailed to Plaintiff. (DE 8.) The Report expressly recommended a prefiling injunction, set out the proposed terms, analyzed the relevant factors, and advised Plaintiff of his right to object. (DE 7.) Plaintiff filed no objection. The procedural posture, therefore, supplies the notice and opportunity required before the Court enters the limited filing restriction described below.

### 1.    Litigation History

The first Cromer factor favors an injunction. Plaintiff has a long history of initiating actions in this District and then failing to pursue them or comply with basic orders necessary to commence and screen those actions. The Report identifies seven such cases in 2025 alone, several of which involve many of the same defendants or the same general allegations. (DE 7 at 4–5.) The record also reflects earlier Rule 41 dismissals. This pattern is not an isolated failure to comply with one order; it is a recurring practice of filing incomplete or conclusory matters and then abandoning them when directed to cure deficiencies.

### 2.    Good Faith

The second factor also favors an injunction. The Court does not question that Plaintiff may sincerely wish to litigate perceived injuries. But a litigant's good faith is undermined when he repeatedly files new actions involving similar allegations, disregards orders designed to place those actions in proper form, and thereby prevents ordinary screening and adjudication. Plaintiff's conduct shows a pattern of non-pursuit rather than a good-faith effort to present claims in a form the Court can review.

### 3.    Burden on the Court and Other Parties

The third factor favors an injunction because Plaintiff's filings have imposed a substantial burden on the Court. Each deficient filing requires opening a matter, docketing submissions, issuing proper-form orders, monitoring compliance, preparing reports or dismissal orders, and performing judicial review. Although many of Plaintiff's cases were dismissed before service, that does not eliminate the burden on judicial resources. The recommended injunction addresses the source of that burden: the repeated initiation of new civil actions through letters, partial submissions, or pleadings that are not accompanied by the documents required of pro se prisoner litigants.

### 4.    Alternative Sanctions

The fourth factor favors an injunction because lesser sanctions have not been adequate. Plaintiff has been warned that his repeated filing and non-pursuit of actions borders on a waste of judicial resources. Yet the same pattern continued. Monetary sanctions are unlikely to deter an indigent prisoner proceeding in forma pauperis, and dismissal without prejudice has not prevented Plaintiff from initiating additional deficient actions. "[A] judge should not in any way limit a litigant's access to the courts absent 'exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions.'" *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d at 817–18. The Court, therefore, finds that a limited prefiling injunction is necessary *here* to protect the orderly administration of justice.

The injunction imposed is narrowly tailored. It does not bar Plaintiff from filing civil actions, does not require preclearance of the merits of any future complaint, and

does not restrict filings in existing cases. It simply requires Plaintiff, before a new

*pro se* civil action is opened, to submit the same threshold documents required by the

District's standing procedures for prisoner *pro se* litigants: **a completed complaint form, either the filing fee or completed in forma pauperis materials including the required financial certificate, and completed summons and Forms USM-285 service documents**. Letters, partial filings, and incomplete

packets will not commence a new civil action. If Plaintiff submits incomplete

materials, the Clerk shall return a deficiency notice, a prisoner filing packet, and a

copy of this Order. This remedy directly addresses Plaintiff's repeated failure to

provide proper-form materials while preserving meaningful access to the Court.

## F.    Conclusion

After a thorough review of the Report, the Complaint, and the record, the Court

finds no clear error and adopts the Report (DE 7) as modified and supplemented by

this Order.

It is, therefore, ORDERED as follows:

1. This action is **DISMISSED WITHOUT PREJUDICE** and without issuance and service of process under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

2. Plaintiff is **ENJOINED** from commencing any new *pro se* civil action in this District unless, at the time of submission, he provides a completed prisoner complaint form, either the full filing fee or a complete application to proceed in forma pauperis with the required financial certificate, and completed summons and Forms USM-285 service documents for each defendant.

3. The Clerk of Court is **DIRECTED** not to open a new *pro se* civil action for Plaintiff based on a letter, partial filing, complaint form unaccompanied by the required fee or in forma pauperis materials, or other incomplete submission. For any noncompliant attempted filing, the Clerk shall return

a deficiency notice, a prisoner filing packet containing the required forms, and a copy of this Order.

4. This injunction does not prohibit Plaintiff from filing documents in cases already opened, filing a notice of appeal, or submitting a new civil action that complies with the requirements set forth above.

**IT IS SO ORDERED**.

Florence, South Carolina
May 1, 2026

Joseph Dawson, III
United States District Judge

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.